NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER THORNE, et al., | : | CIVIL ACTION NO. 15-422 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ONEWEST BANK, FSB, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

Peter Thorne, individually and as executor of Nancy Thorne's estate, and Peter Thorne, Jr., brought this action ("Bad Faith Action") in New Jersey Superior Court, Middlesex County ("Middlesex Court") against: (1) OneWest Bank, FSB ("OWB"); (2) IndyMac Mortgage Services ("IMMS"), which is a division of OWB; and (3) Ocwen Loan Servicing, LLC ("OLS"), which is OWB's servicing agent (collectively, "Bank Entities"). (See dkt. 1-1, Compl.)  Peter Thorne and Peter Thorne, Jr., seek to recover damages based upon OWB's alleged bad faith in commencing a separate foreclosure action against them in Middlesex Court ("Foreclosure Action") when a dispute arose between them and the Bank Entities concerning the modification of a loan linked to their real property ("Property").  (Id.)  The Bank Entities removed the Bad Faith Action pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)").  (See dkt. 1, Notice of Removal.)

The Bank Entities now move for, inter alia, relief under the Rooker-Feldman doctrine. (See dkt. 7.)[1] Peter Thorne and Peter Thorne, Jr., cross-move for, inter alia, remand. (See dkt. 9.) The Court will address the motion and the cross motion without oral argument. See L.Civ.R. 78.1(b). The Court will: (1) grant the motion to the extent that relief under the Rooker-Feldman doctrine is sought; (2) grant the cross motion to the extent that remand is sought; (3) deny the motion and the cross motion to the extent that any other relief is sought; and (4) remand the Bad Faith Action to Middlesex Court for any further proceedings.

## BACKGROUND[2]

Peter Thorne, Nancy Thorne, and Peter Thorne, Jr.: (1) were deemed by OWB and IMMS to be behind on payments for the loan linked to the Property in November 2009; (2) believed that thereafter they had obtained a loan modification through IMMS; and (3) sought a further loan modification when a dispute arose between them and the Bank Entities, perhaps due to their failure to make further payments.

OWB brought the Foreclosure Action against Peter Thorne, Nancy Thorne, and Peter Thorne, Jr., in Middlesex Court on March 14, 2012, while the loan-modification

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).

[2] The facts presented in this section are culled from the papers filed on this Court's docket. (See dkt. 1; dkt. 1-1; dkt. 7 (brief of Bank Entities); dkt. 9 (brief of Peter Thorne and Peter Thorne, Jr., with exhibits); dkt. 10 (further brief of Bank Entities, with exhibits).) See also http://njcourts.judiciary.state.nj.us (Middlesex Court docket for Foreclosure Action, No. F-4724-12). Specific citation is provided for quotes.

dispute was ongoing.  Middlesex Court entered a default judgment in favor of OWB ("State Foreclosure Judgment"), and then approved a sheriff's sale for the Property in November 2013.

Peter Thorne, Jr., moved in Middlesex Court to vacate the State Foreclosure Judgment on January 6, 2014.  On February 10, 2014, Middlesex Court entered an order on consent: (1) deeming the motion to vacate the State Foreclosure Judgment to be withdrawn; and (2) granting leave for a motion to vacate to be made again when "[OWB] informs [Peter Thorne, Jr.] that [OWB] will be proceeding with the foreclosure (in lieu of or in termination of the workout agreement)."  (Dkt. 9-5 at 1 (2-10-14 Middlesex Ct. Order).)

Peter Thorne and Peter Thorne, Jr., brought this separate Bad Faith Action in Middlesex Court on December 15, 2014, alleging that the Bank Entities engaged in "bad faith" and "improper behavior" by, inter alia, bringing the Foreclosure Action and ultimately securing the State Foreclosure Judgment.  (Dkt. 1-1 at 3–4.)  They also alleged that they suffered damages due to "a less favorable workout agreement, increased mortgage debt, increased mortgage costs, increased mortgage payment[s], loss of equity, [and] responsibility for payment of additional interest and [OWB]'s attorneys fees."  (Id. at 4.)  The Bank Entities then removed the Bad Faith Action here on January 21, 2015.

The Bank Entities filed their own motion under the Foreclosure Action in Middlesex Court to vacate the State Foreclosure Judgment on February 2, 2015.  Peter Thorne and Peter Thorne, Jr., advise that "vacating the [State] [F]oreclosure [J]udgment is required by [OWB's] workout agreement with" them.  (Dkt. 9-1 at 11.)

3

The Bank Entities filed the motion for, inter alia, relief under the Rooker-Feldman doctrine in this Court on February 9, 2015.

Peter Thorne and Peter Thorne, Jr., filed the cross motion for, inter alia, remand in this Court on February 16, 2015, and argue that:

> [Peter Thorne and Peter Thorne, Jr.] still ha[ve] the right to attack the [State Foreclosure] [J]udgment in New Jersey State Court. [The] motion [by Peter Thorne, Jr.] to vacate the [State Foreclosure] [J]udgment was withdrawn without prejudice and [the] time [of Peter Thorne and Peter Thorne, Jr.] to attack the judgment is "tolled from the date that this motion was filed, January 6, 2014, until such date that [OWB] informs [Peter Thorne, Jr.] that [OWB] will be proceeding with the foreclosure (in lieu of or in termination of the workout agreement)." [OWB] still has not informed [Peter Thorne and Peter Thorne, Jr.] that it is proceeding with the foreclosure again, and the workout agreement is still active, so the time to vacate the [State Foreclosure] [J]udgment is still tolled. Thus, absent removal, [Peter Thorne and Peter Thorne, Jr.] would still have the right to consolidate cases and move to vacate the [State Foreclosure] [J]udgment.

(Id. at 12–13.)

Middlesex Court granted OWB's motion to vacate the State Foreclosure Judgment on February 24, 2015. However, the Middlesex Court docket lists the matter as being disposed of "without prejudice".

The Bank Entities filed further briefing in this Court on March 5, 2015.

## LEGAL ANALYSIS

### I.    ROOKER-FELDMAN DOCTRINE

This Court must refrain from entertaining the requests for relief brought by Peter Thorne and Peter Thorne, Jr., in the Bad Faith Action, as granting any of those requests

could effectively reverse the decisions, directly or indirectly invalidate the determinations, or void the rulings issued by Middlesex Court in the Foreclosure Action. See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (affirming judgment dismissing claims attacking merits of separate state-court foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss claims concerning separate state-court foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal from order that dismissed claims concerning separate state-court foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same). This is particularly true here because: (1) the plaintiffs in the Bad Faith Action — Peter Thorne and Peter Thorne, Jr. — are defendants in the Foreclosure Action; and (2) the plaintiff in the Foreclosure Action — OWB — is named as one defendant and is connected to the other two defendants in the Bad Faith Action.

It is of no moment that Middlesex Court is a lower state court. See E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal court from reviewing lower state-court decision); Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177–78 (3d Cir. 1992) (same).

If Peter Thorne and Peter Thorne, Jr., initially brought the Bad Faith Action in federal court, then this Court might be compelled to dismiss the complaint pursuant to the

5

Rooker-Feldman doctrine. But Peter Thorne and Peter Thorne, Jr., initially brought this Bad Faith Action in Middlesex Court, and objected to the removal. Therefore, the proper disposition of the Bad Faith Action at this juncture is a remand. See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241–42 (D.N.J. 2002) (remanding action under Rooker-Feldman); see also GRP Loan v. Vaneck, No. 08-375, 2008 WL 2902607, at *1 (D. Conn. July 24, 2008) (same); Mortg. Elec. Registration Sys. v. Cromwell, No. 05-140, 2005 WL 2234041, at *1 (N.D. Fla. Sept. 13, 2005) (same). Thus, this Court agrees with the Bank Entities that the Rooker-Feldman doctrine applies here, and agrees with Peter Thorne and Peter Thorne, Jr., that the Bad Faith Action should be remanded for any further proceedings.

## II. NO AUTHORITY

Peter Thorne and Peter Thorne, Jr., also seek to have a court review and adjudicate issues that have arisen in the Foreclosure Action by litigating the Bad Faith Action. (See, e.g., dkt. 1-1 at 3–4; see also dkt. 9-1 at 12 (stating they are "required to pay [OWB's] attorney's fees in the [F]oreclosure [A]ction" that were incurred due to OWB's "multiyear delay in effectively negotiating the refinancing", and that OWB "negotiate[d] in bad faith").)

But this federal district court is without authority to review and adjudicate issues that have arisen in Middlesex Court in the separate Foreclosure Action. See Francis v. TD Bank, N.A., 597 Fed.Appx. 58, 61 (3d Cir. 2014) (affirming dismissal of borrower's claims alleging misconduct by bank in bringing a separate state-court action for

foreclosure, and citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281 (1970), and In re Grand Jury Proceedings, 654 F.2d 268 (3d Cir. 1981)).  Thus, the Bad Faith Action should be remanded for any further proceedings on this ground as well.

### III.  YOUNGER ABSTENTION

The Foreclosure Action may also be considered to be ongoing in Middlesex Court, because: (1) the matters being addressed therein were disposed of "without prejudice"; and (2) according to Peter Thorne and Peter Thorne, Jr., "absent removal, [they] would still have the right to consolidate cases".  (Dkt. 9-1 at 13.)  Thus, this Court should abstain from exercising jurisdiction over the Bad Faith Action pursuant to the Younger abstention doctrine.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43–54 (1971).

This Court should not interfere with the arguably ongoing Foreclosure Action by addressing any of the claims in the Bad Faith Action.  See Cunningham v. JP Morgan Chase Bank, 537 Fed.Appx. 44, 44–45 (3d Cir. 2013) (affirming dismissal of claims in federal court alleging there were instances of misconduct in a separate state-court action where foreclosure was a possibility); Gray v. Pagano, 287 Fed.Appx. 155, 157–58 (3d Cir. 2008) (dismissing complaint filed in connection with ongoing state-court foreclosure action, inter alia, as barred by Younger abstention).  The Bad Faith Action should be remanded for any further proceedings on this ground as well.

# CONCLUSION

The Court intends to remand the Bad Faith Action to Middlesex Court for any further proceedings.  The Court will issue an appropriate order and judgment.[3]

       s/ Mary L. Cooper
       **MARY L. COOPER**
       United States District Judge

**Dated:**  June 25, 2015

---

[3] The Court notes that the Bank Entities demonstrated that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  (See dkt. 10 at 7 (Bank Entities calculating alleged damages to be $92,459.87); cf. dkt. 9-1 at 9 n.1 (Peter Thorne and Peter Thorne, Jr., arguing they believed that damages were in the $50,000 to $100,000 range, but they would not limit damages to below $75,000 because they did not know the damages amount yet).)

But the Court would have investigated citizenship if not remanding this action.  Peter Thorne in his individual capacity is a New Jersey citizen; Peter Thorne, Jr., is a Utah citizen; and OWB and IMMS are deemed to be California citizens.  But Nancy Thorne's citizenship at the time of her death is not alleged, even though Peter Thorne is listed as estate executor.  See 28 U.S.C. § 1332(c)(2); Estate of Thomas ex rel. Thomas v. Wakefern Food Corp., No. 12-1723, 2012 WL 6212657, at *3 (D. Conn. Dec. 13, 2012) (because plaintiff brought action "both as administratrix for her husband's estate *and* in her individual capacity, in addition to establishing her own domicile . . . she must establish the citizenship of her late husband . . . at the time of his death"); Lapkin v. AVCO Corp., No. 11-3424, 2012 WL 1977318, at *2 (N.D. Tex. May 31, 2012) ("when a person sues *individually* and as the legal representative of the decedent's estate, the court must examine the citizenship of the individual and that of the decedent to determine whether diversity exists"); Ebstyne v. Ebstyne, No. 07-11, 2007 WL 1549464, at *1 (M.D. Ga. May 25, 2007) ("for the purpose of determining diversity, Plaintiff . . . in his individual capacity . . . is a citizen of the State of Washington; Plaintiff . . . in his representative capacity as executor of [decedent's] estate, is a citizen of the State of Georgia").

The Bank Entities also were inconsistent as to the citizenship of OLS, which is a limited liability company.  (Compare dkt. 1 at 3 (alleging United States Virgin Islands citizen), with dkt. 10 at 5 (alleging Florida citizen).)  See VICI Racing v. T-Mobile USA, 763 F.3d 273, 282 (3d Cir. 2014) (limited liability companies are deemed to be citizens of states in which all of their members are citizens, not states in which they were formed and have their principal places of business).  The Court notes that the assertion by Peter Thorne and Peter Thorne, Jr., that OLS "is a corporation" and "a citizen of the state by which it has been incorporated and of the state where it has a principal place of business" is without merit.  (Dkt. 9-1 at 10.)